IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN LOWERY, on his behalf and on
behalf of similarly situated persons,

       Plaintiff,

JUDY LOVATO, DANNY GABALDON,
BARBARA THOMAS, each on his/her behalf
And on similarly situated persons,

       Plaintiffs-in-Intervention,

vs.                                                                  No. CIV-09-457 JB/WDS

CITY OF ALBUQUERQUE, MARTIN
CHAVEZ, in his individual capacity as
Mayor of the City of Albuquerque, RAY
SCHULTZ, in his individual capacity as
Chief of Police of the City of Albuquerque
Police Department, JOHN OLSTEAD, and
MARK CRANDALL, and JOHN DOE
POLICE OFFICERS,

       Defendants,

MICHELLE WALL AND LARRY MOYA,

       Defendants-in-Intervention.

**DEFENDANTS' RESPONSE TO PLAINTIFF LOWERY'S MOTION AND
MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

COME NOW the Defendants and Defendants-in-Intervention, by and through their attorney of record, Kathryn Levy, and for their response to Plaintiff Lowery's Motion for Summary Judgment, state as follows:

## RESPONSE TO "UNDISPUTED MATERIAL FACTS"

1. Fact No. 1: Denied. Contrary to Plaintiff's broad statement that Defendants have admitted to a policy of implementing the housing code to deprive owners and tenants of property rights, the material cited in the Motion for Class Certification supports no such finding. The deposition of Inspector Mark Crandall was quoted for the proposition that "Possible contamination due to drug use in a home can be the sole basis for "red tagging" a home"; citing Exhibit 4 of Plaintiff's motion, Crandall's deposition at 40:22-25, fully ignoring the testimony right above those lines found at 40:16-21.

Q. So since that time, you've certainly included in your inspections for substandard buildings and the red tagging of buildings as substandard the determination that drug usage creates a hazard.

A. That istcreates a hazard, but it's not the sole purpose to red tag something, correct.

Q. Could it be the sole purpose in your mind?

A. It's hard to say. It's really a case-by-case thing. Potentially, I think anything could happen. The frequency of it happening I would say would be low.

Plaintiff also cites Inspector Larry Moya's testimony as supporting the assertion that members of the Nuisance Abatement Team are "told to post houses where there was evidence that drug use had occurred, even if the drug use was a one time occurrence." Exhibit 6 of Plaintiff's motion, when, in fact, the cited testimony is that Larry Moya refused to cite homes for drug use (17:5-17). There is absolutely no evidence provided by Plaintiff that such a policy existed.

2. Fact No. 2: Admit.

2

3.     Fact No. 3: Admit.

4.     Fact No. 4: Admit.

5.     Fact No. 5: Admit.

6.     Fact No. 6: Admit.

7.     Fact No. 7: Admit.

8.     Fact No. 8: Denied. See Exhibit 1, Affidavit of Mark Crandall.

9.     Fact No. 9: Denied. See *id.*

10.     Fact No. 10: Denied. See *id.*

11.     Fact No. 11: Denied.

12.     Fact No. 12: Admit.

13.     Fact No. 13: Admit.

14.     Fact No. 14: Deny.

15.     Fact No. 15: Deny.

16.     Fact No. 16: Deny. Plaintiff Lowery was allowed access to his property on the date he filed his appeal.

Plaintiff has correctly stated the applicable standard and law for the granting of a motion for summary judgment. Summary judgment cannot be granted where there is a dispute as to a material issue of fact.

Plaintiff alleges he was evicted from his home based solely on an allegation that "the tenant or guests were using or selling heroin". That is not supported by the Notice and Order submitted as an exhibit by Plaintiff which lists multiple violations preventing occupation of the dwelling by Plaintiff or anyone else. There was no gas service; there was no water; there was no electricity.

The Affidavit of Mark Crandall sets forth the basis on which it was determined that the residence could not be occupied. Electrical wires were hooked up to car batteries to provide electricity to the dwelling; electrical wires were illegally connected to a Public Service Company pedestal. Mr. Crandall, an inspector for the City, determined that these presented an immediate threat to the life safety of the occupants of the dwelling and endangered their life, health, property (there had already been one fire), safety and welfare of the occupants. Plaintiff Lowery did not submit his own affidavit. There is no representation that his father was competent to state how easily the violations could be remedied. Plaintiff fails to advise the Court that through agreement of counsel and pursuant to the appeal, Plaintiff, in fact, had access to the property the same day he filed his appeal.

Plaintiff's legal analysis is for naught in face of the factual dispute at issue here. Plaintiff is not challenging the constitutionality of the ordinance in his motion. All of the cases cited by Plaintiff actually weigh in favor of the lawfulness of Defendants' actions. Every argument is based on the eviction being premised on "alleged drug use." Inspector Crandall's affidavit specifically sets forth the basis for his legal actions.

Plaintiff Lowery's father's affidavit is based on inadmissible hearsay (paragraph 11, "I talked to police officers related to the situation…they informed me…"). This hearsay is not admissible to refute the sworn affidavit of Defendant Crandall.

## CONCLUSION

Summary judgment cannot be granted when there is a dispute of a material issue of fact. Defendant Crandall's affidavit makes it clear that Plaintiff's claim is without

merit and is not founded on fact. Defendants have easily met their burden and the motion must be denied.

                Respectfully submitted:

                **CITY OF ALBUQUERQUE**
                Robert J. Perry
                City Attorney

                */s/ Kathryn Levy*
                Kathryn Levy
                Deputy City Attorney
                P. O. Box 2248
                Albuquerque, New Mexico 87103
                (505) 768-4500

I hereby certify that a true copy of the
foregoing was sent to all counsel
of record via CM/ECF.

this 27th day of August, 2010

*/s/ Kathryn Levy*
Kathryn Levy
Deputy City Attorney

5